**WO**
IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Calvin Kuykendoll,<br><br>              Petitioner,<br><br>v.<br><br>Dennis R. Smith,<br><br>              Respondent. | No. CV-11-1564-PHX-GMS<br><br>**ORDER** |

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Calvin Kuykendoll. (Doc. 1). Magistrate Judge Metcalf has issued a Report and Recommendation ("R & R") in which he recommended the Court deny the petition. (Doc. 19). Petitioner objected to the R & R. (Doc. 22). Because objections have been filed, the Court will review the petition *de novo*. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). For the following reasons, the Court accepts the R & R and denies the petition.

## BACKGROUND

Petitioner alleges that procedures used in prison disciplinary proceedings, resulting in the loss of good time credits, violated his constitutional right to due process. The facts of the proceedings are aptly explained in the R & R and only briefly summarized here.

On February 4, 2009, while Petitioner was incarcerated in the Federal Correctional Institution in Milan, Michigan, he told Correction Officer Raymond Tuberville he would

report Tuberville's smoking in the bathroom unless Tuberville "looked out for" Petitioner. Two days later, Petitioner told Tuberville to deliver him tobacco in exchange for one-hundred dollars, or else he would get Tuberville fired. On February 7, 2009, Tuberville reported the incidents to an evening watch lieutenant, Lieutenant Downing. The following proceedings ensued.

On February 7, 2009, Petitioner was placed in administrative detention ("segregation"). During the investigatory process, Tuberville's Incident Report ("IR") was re-written twice in order to edit the name of the violation and the date of the incident. (Administrative Record ("AR") at 6, 8). On April 15, 2009, upon completion of the investigation, Disciplinary Hearing Officer ("DHO"), Belinda Auterson, conducted Petitioner's hearing, and Iris Guidry served as his staff representative. Auterson's consequent report found Tuberville's Incident Report credible and a lack of prejudice from any delay in the proceedings. (AR at 18–19).

After Petitioner's first appeal, the matter was remanded by the Regional Director because a procedural error was found. (AR at 20). The "lieutenant who initially investigated the incident report was involved in the incident." (AR at 27). Auterson conducted another hearing on August 26, 2009, again finding Petitioner guilty and recommending the same loss of good time credits and other privileges. (AR at 28).

On January 14, 2010, Petitioner filed his second appeal to the Regional Director, raising five grounds for relief, two of which are relevant to the current petition. (AR at 30). Namely, he asserted there was insufficient evidence presented in his hearing and that the DHO's involvement in rewriting the IR precluded her from acting as an impartial decision-maker. The appeal was denied. (AR at 31). Petitioner then filed an appeal with the General Counsel's Office asserting similar arguments. (AR at 33). On December 27, 2010, the General Counsel's Office denied his appeal.

On August 9, 2011, Petitioner filed a *pro se* petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody. (Doc. 1). In it he alleges similar grounds for relief, namely: (1) he was denied a fair and impartial disciplinary hearing

officer, in violation of his due process rights; (2) the denial of his request to have staff representation for his hearing violated his due process rights; and (3) there was insufficient evidence to find him guilty of the disciplinary infractions. Petitioner seeks restoration of lost good time credits and expungement of the infraction from his record. (Doc. 1).

## DISCUSSION

### I. Legal Standard

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3) (2006). Habeas corpus jurisdiction is available under § 2241 for a prisoner's claims that he has been denied good time credits without due process of law. *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487–88 (1973)). Habeas corpus jurisdiction also exists when a petitioner seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole. *Id.* (citations omitted).

In *Wolff v. McDonnell*, the Supreme Court held prisoners are entitled to protections guaranteed by the Due Process Clause. 418 U.S. 539, 563 (1974). However, such protections are "fashioned to fit comfortably with the exigencies of prison management." *Clardy v. Levi*, 545 F.2d 1241, 1245 (9th Cir. 1976). Hence, only the "minimum requirements" of procedural due process need be satisfied in a prison disciplinary proceeding. *Wolff*, 418 U.S. at 563. "These are advance written notice of the claimed violation and a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken." *Id.* Additionally, unless a DHO's findings are supported by "some evidence in the record," the revocation of good-time credits does not comport with the requirements of due process. *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985).

### II. Analysis

The R & R recommends denying Grounds One, Two and Three on the merits.

Petitioner has filed objections to Magistrate Judge Metcalf's analysis on all three claims. This Court has conducted a *de novo* review, and adopts Magistrate Judge Metcalf's R & R. The following discussion addresses each of Petitioner's objections in turn.

### A.     Ground One: Impartial Decision-Maker

The Ninth Circuit has held that basic to a prisoner's guarantee of an accurate fact-finding determination is the right to be heard by an impartial disciplinary committee. *See Clutchette v. Procunier*, 497 F.2d 809, 820 (9th Cir. 1974) *modified*, 510 F.2d 613 (9th Cir. 1974) *rev'd on other grounds sub nom. Baxter v. Palmigiano*, 425 U.S. 308 (1976). "[P]rovided that no member of the disciplinary committee has participated or will participate in the case as an investigating or reviewing officer, or either is a witness or has personal knowledge of material facts related to the involvement of the accused inmate in the specific alleged infraction (or is otherwise personally interested in the outcome of the disciplinary proceeding), a hearing board comprised of prison officials will satisfy the due process requirement of a 'neutral and detached hearing body.'" *Id.*

Petitioner objects to Magistrate Judge Metcalf's finding that the DHO was impartial by insisting that: (1) Auterson assisted in re-writing the IR and that the re-write changed the name of the charges brought against him; and (2) Auterson misrepresented the reason the Regional Director remanded the matter after Petitioner's first appeal. (Doc. 22 at 1, 3, 5).

First, even if Auterson assisted in re-writing the IR by editing the name of the charge alleged, this would not suffice to show bias or partiality.

On February 24, 2009, the first IR was delivered to Petitioner, listing the charges as follows: (1) "Extortion, blackmail, protection: Demanding or receiving money or anything of value in return for protection against others, to avoid bodily harm, or under threat of informing;" (2) "Giving or offering an official or staff member a bribe, or anything of value." (AR at 2). On February 27, a second IR was delivered to Petitioner. The new IR amended the first charge to: "Threatening another with bodily harm or any other offense." (AR at 6). On March 28, 2007, the final IR listed both charges in an

identical manner as found in the first. (AR at 8). The "date of incident" was first described as "04 February 2009 to 23 February 2009," but was noted as "04 February 2009" in the final IR. (AR at 3, 6, 8). The substance of the description of the incident remained unchanged. *Id.*

Supposing, *arguendo*, Auterson did adjust the names of the violations mentioned in the IR, this does not demonstrate bias on her part. Petitioner failed to demonstrate how a DHO's involvement in clarifying an IR's charges creates bias or prevents an inmate from adequately defending himself. "The function of a [] judge includes intervention in order to clarify issues, insure the orderly presentation of evidence and expedite the trial." *U.S. v. Trotter*, 529 F.2d 806, 814 (3d Cir. 1976). Impartiality is not lost by intervention of this sort.

Further, due process does not preclude prison management from re-naming the violations alleged in the IR. One purpose of the IR is to provide inmates with adequate notice regarding the charges against which they will have to provide a defense. *See Wolff*, 418 U.S. at 563–64 (stating that "the function of notice [of an alleged infraction] is to give the charged party a chance to marshal the facts in his defense"). In this case, any of the three IRs delivered served to notify Petitioner that he would be charged with approaching an officer in a manner he ought not. *See Bostic v. Carlson*, 884 F.2d 1267, 1270–71 (9th Cir. 1989) (finding that an adjustment in the IR to say "possession of contraband" instead of "stealing" did not violate due process under *Wolff*).

Petitioner makes a general objection to Magistrate Judge Metcalf's finding that there "is no due process right to a fair and impartial decision-maker" in a prison disciplinary hearing. (Doc. 22 at 5). However, this objection misconstrues the recommendation in the R & R. To the contrary, Magistrate Judge Metcalf stated the DHO must be "sufficiently impartial." (Doc. 19 at 10) (citing *Wolff*, 418 U.S. at 571). This requisite level of impartiality does not preclude a DHO from intervening in the manner Petitioner alleges occurred in his hearing.

Second, Petitioner accuses Auterson of fabricating the reason his case was

remanded from the Regional Director. He insists the fabrication "regarding the remand on procedural error ... is tantamount, if not worse, to suppressing evidence." (Doc. 22 at 6). There is no reason to believe Auterson misrepresented the finding by the Regional Director. The Court finds no evidence suggesting a fabrication, aside from Petitioner's raw accusation, and will therefore not infer bias from Auterson's statement that the case was remanded because the "lieutenant who initially investigated the incident report was involved in the incident." (R. at 27).

### B. Ground Two: Lack of Representation

Magistrate Judge Metcalf recommended dismissing claim two because "[t]he record reflects that Petitioner waived any right to staff representation" in his second hearing, upon learning Guidry was not available. (Doc. 19 at 11–12). The facts surrounding whether Petitioner actually waived the offer for staff representation remain in dispute. In any respect, inmates do not "have a right to either retained or appointed counsel in disciplinary hearings." *Baxter v. Palmigiano*, 425 U.S. 308, 315 (citation omitted); *but see Wolff,* 418 U.S. at 570 (suggesting a right to "substitute aid in the form of help from staff" might exist where an illiterate inmate is involved); *cf. Bostic v. Carlson*, 884 F.2d 1267, 1274 (9th Cir. 1989) (holding "an inmate has no claim for ineffective assistance of counsel at a disciplinary hearing" in response to Petitioner's claim he was denied effective assistance by a staff representative). Guidry's unavailability to assist Petitioner during his second hearing does not amount to a violation of Petitioner's due process rights.

### C. Ground Three: Insufficient Evidence

Petitioner objected to Magistrate Judge Metcalf's recommendation that the DHO findings be upheld because they are supported by "some evidence." (Doc. 19 at 14; Doc. 22 at 7–8). The Supreme Court has held that, unless a DHO's findings are supported by "some evidence in the record," the revocation of good-time credits does not comport with the minimum requirements of due process. *Hill*, 472 U.S. at 454. Petitioner contends, "[t]o hold that the 'some evidence' standard [supersedes] [] due process violations would

- 6 -

eviscerate any due process protections [] incarcerated persons might have." (Doc. 22 at 8). However, Magistrate Judge Metcalf did not suggest the some evidence standard displaces inmates' due process rights. Rather, the R & R states that "'*Hill* in no way abrogated the due process requirements enunciated in *Wolff*, but simply held that in addition to those requirements, revocation of good-time credits does not comport with 'the minimum requirements of procedural due process,' unless the findings are supported by some evidence in the record.'" (Doc. 19 at 13) (citing *Edwards v. Balisok*, 520 U.S. 641, 648 (1997)).

There is evidence which supports the DHO's revocation of Petitioner's good-time credits. For instance, Tuberville submitted an affidavit describing incidents during which Petitioner attempted to bribe and compromise Tuberville. *See Bostic*, 884 F.2d at 1271 ("The reporting officer's testimony constituted sufficient evidence to support the finding of guilty."). Petitioner, meanwhile, fails to proffer any evidence that the revocation of good-time credits did not comport with the minimum requirements of due process. The R & R therefore correctly concluded Petitioner's Petition is without merit.

## CONCLUSION

As Magistrate Judge Metcalf noted in the R & R, Petitioners grounds for relief–the lack of an impartial hearing officer, denial of representation and assertion of insufficient evidence–are all unsupported by the evidence in the record. Accordingly, the Court denies the Petition and accepts the R & R. For the reasons outlined in the R & R, the Court will not rule on a Certificate of Appealability.

**IT IS THEREFORE ORDERED:**

1. Petitioner's Petition for the Writ of Habeas Corpus (Doc. 1) is **denied**.
2. The Report and Recommendation (Doc. 19) is **accepted**.

///

///

///

3. The Clerk of Court is directed to terminate this action.

Dated this 9th day of July, 2012.

_A. Murray Snow_
G. Murray Snow
United States District Judge